UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WISCONSIN VOTERS ALLIANCE, et al.,

    Plaintiffs,

    v.                          Case No. 20-C-1487

CITY OF RACINE, et al.,

    Defendants.

## DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiffs Wisconsin Voters Alliance and seven of its members filed this action for injunctive and declaratory relief against five Wisconsin cities (Green Bay, Kenosha, Madison, Milwaukee, and Racine) that received grants totaling $6,324,527 from the Center for Tech and Civic Life (CTCL), a private non-profit organization, to help pay for the November 3, 2020 general election. Plaintiffs allege that, in accepting conditional grants from a private corporation to conduct federal elections, the defendant Cities violated the Elections Clause and the First, Ninth, and Fourteenth Amendments to the United States Constitution. Plaintiffs allege that, in unconstitutionally pursuing and using "private conditional moneys to conduct federal elections," the Cities undermined the integrity of "the election process as a social contract to maintain our democratic form of government." Am. Compl. at 1, Dkt. No. 39.

On October 14, 2020, the Court denied Plaintiffs' motion for preliminary relief enjoining the defendant Cities from accepting or using "private federal election grants" on the ground that they failed to show a reasonable likelihood of success on the merits. Order Denying Motion for Preliminary Relief at 1, Dkt. No. 27. The case is now before the Court on the defendant Cities'

motion to dismiss Plaintiffs' Amended Complaint for lack of standing. For the following reasons, the motion will be granted and the case will be dismissed.

## BACKGROUND

Plaintiffs consist of the Wisconsin Voters Alliance organization and residents of the various defendant Cities. Am. Compl. ¶¶ 5–11. The Wisconsin Voters Alliance is an organization that seeks to ensure "public confidence in the integrity of Wisconsin's elections, in election results and election systems, processes, procedures, and enforcement, and that public officials act in accordance with the law in exercising their obligations to the people of the State of Wisconsin." *Id.* ¶ 4. "The Wisconsin Voters Alliance also works to protect the rights of its members whenever laws, statutes, rules, regulations, or government actions . . . threaten or impede implied or expressed rights or privileges afforded to them under our constitutions or laws or both." *Id.*

The CTCL is a private non-profit organization, funded by private donations of approximately $350 million, that provides federal election grants to local governments. *Id.* ¶¶ 20–21. The CTCL distributed approximately $6.3 million of federal election grants to the defendant Cities. *Id.* ¶ 23. The CTCL grants provided conditions governing the use of those private moneys, including that each city report back to the CTCL regarding the moneys used to conduct federal elections. *Id.* ¶¶ 89, 35. The local government entities accepted the conditions and agreed to adhere to the CTCL's conditions. *Id.* ¶ 90. Plaintiffs allege that the conditions, as adopted by each defendant City, are additional regulations in the conduct of federal elections. *Id.* ¶ 96.

Plaintiffs allege that the local governments unconstitutionally pursued and used private conditional moneys to conduct federal elections, which undermined the "integrity of the election process as a social contract to maintain our democratic form of government." *Id.* at 1. Plaintiffs claim that the use of conditional grants of private moneys violates the United States Constitution,

2

namely the Elections Clause under Article 1, Section 4, Clause 1 as well as the First, Ninth, and Fourteenth Amendments.

## ANALYSIS

Defendants assert that the amended complaint must be dismissed because Plaintiffs do not have Article III standing to assert claims against them. Standing is not an esoteric doctrine that courts use to avoid difficult decisions. Our system of government is designed to place the power to enact laws and implement policy in the hands of the people and their elected representatives, not unelected federal judges. Article III of the United States Constitution limits the jurisdiction of federal courts to actual "cases" or "controversies" brought by litigants who demonstrate standing. *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 886 (7th Cir. 2017). The doctrine of standing "serves to prevent the judicial process from being used to usurp the powers of the political branches." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). "In light of this 'overriding and time-honored concern about keeping the Judiciary's power within its proper constitutional sphere, we must put aside the natural urge to proceed directly to the merits of an important dispute and to "settle" it for the sake of convenience and efficiency.'" *Hollingswroth v. Perry*, 570 U.S. 693, 704–05 (2013) (quoting *Raines v. Byrd*, 521 U.S. 811, 820 (1997)) (alterations omitted). "In order to have standing, a litigant must prove that he has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable decision." *Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 691–92 (7th Cir. 2015) (citation omitted). The plaintiff bears the burden of pleading sufficient factual allegations that "plausibly suggest" each element. *Groshek*, 865 F.3d at 886 (citation omitted). "A case becomes moot when it no longer presents a case or controversy under Article III, Section 2 of the Constitution. 'In general a case becomes moot when the issues presented are no longer live or the parties lack a

legally cognizable interest in the outcome.'" *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)).

### A. Individual Plaintiffs

The court concludes that the individual plaintiffs have failed to demonstrate that their injury is likely to be redressed by a favorable decision. "A plaintiff's remedy must be tailored to redress the plaintiff's particular injury." *Gill v. Whitford*, 138 S. Ct. 1916, 1934 (2018) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 353 (2006)). "Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement." *Steel Co.*, 523 U.S. at 107. The plaintiff must demonstrate that it is "likely," not merely "speculative," that the injury he alleges will be "redressed by a favorable decision." *Lujan*, 504 U.S. at 561 (citation omitted).

Plaintiffs assert that they have suffered an injury as a party to the "social contract" entered into between the government and the voter. Plaintiffs explain the social contract as follows: the government has agreed to protect the fundamental right to vote and maintain the integrity of an election as fair, honest, and unbiased, through federal and state election laws, and the voters agree to accept the government's announcement of the winner of an election. Plaintiffs allege that each individual voter resides within the boundaries of a city that has added another regulatory level to elections, by a nongovernmental corporation, by accepting conditions for moneys in the conduct of elections and that they are harmed by the loss of the uniformity in the election process. They claim that, if a congressional house rejects the elected representatives after a finding that the election results are invalidated, the votes of each member of the Wisconsin Voters Alliance and the individual Plaintiffs will not count and they will lose representation in their individual districts. Am. Compl. ¶¶ 127–28. They maintain that, as a result, each voter from the local governmental

4

entities that accepted private grant moneys is disadvantaged and will suffer an injury. *Id.* ¶ 130. Plaintiffs assert that their disadvantage is not shared by all American people; it arises from the boundary within the city in which they reside and is not shared with voters residing in other cities that did not accept the conditions of nongovernmental corporate entities for conducting the election.

Plaintiffs have not established that any purported harm is likely to be redressed by a favorable decision. Plaintiffs' alleged harm is that the votes in their district may not count if the congressional house invalidates the election results in their districts because the municipalities in which they reside accepted CTCL grants. They request that the Court declare that the defendant Cities' acceptance of private funds through federal election conditional grants is unconstitutional under the Elections Clause, the First and Ninth Amendments of the United States Constitution, and the Equal Protection Clause and issue an injunction enjoining the defendant Cities from accepting or using the CTCL's private federal election grants.

It is unclear whether Plaintiffs have suffered an injury, let alone an injury that may be repeated in the future. A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy*, 455 U.S. at 481 (citation omitted). A congressional house did not invalidate the election results or reject Wisconsin's elected representatives. These circumstances forestall any occasion for meaningful relief. In addition, enjoining the defendant Cities from using the funds it has already received and spent will not redress Plaintiffs' purported injuries. The court is unable to grant relief that would effectively redress the alleged injury Plaintiffs claim to suffer.

Plaintiffs' amended complaint raises issues concerning a municipality's acceptance of funds from private parties to help pay for the increased costs of conducting safe and efficient

5

elections. The receipt of private funds for public elections may give an appearance of impropriety. While this concern may merit a legislative response, the "Federal Judiciary [must respect] 'the proper—and properly limited—role of the courts in a democratic society.'" *Gill*, 138 S. Ct. at 1929 (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). The individual Plaintiffs have not established standing.

### B. Wisconsin Voters Alliance

As an organizational plaintiff, the Wisconsin Voters Alliance must demonstrate that it has standing "in its own right" because the organization itself has suffered a legally sufficient harm or "as the representative of its members." *Warth v. Seldin*, 422 U.S. 490, 511 (1975). Wisconsin Voters Alliance asserts that it has associational standing. "[S]uch standing exists when: (a) the organization's members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Com. Cause Indiana v. Lawson*, 937 F.3d 944, 957 (7th Cir. 2019) (internal quotation marks, alterations, and citations omitted). Wisconsin Voters Alliance cannot establish associational standing because its members cannot establish standing. Therefore, Wisconsin Voters Alliance lacks standing.

## CONCLUSION

Though this is a federal lawsuit seeking relief in a federal court, Plaintiffs have offered only a political argument for prohibiting municipalities from accepting money from private entities to assist in the funding of elections for public offices. They do not challenge any specific expenditure of the money; only its source. They make no argument that the municipalities that received the funds used them in an unlawful way to favor partisan manner. Their brief is bereft of any legal argument that would support the kind of relief they seek. They cite Article I, section 4,

of the United States Constitution, but that section governs the election of senators and representatives, and they fail to explain how, even if they had standing, the Cities' use of funds donated by a private party could have affected any such election.  For these reasons, Defendants' motion to dismiss Plaintiffs' complaint for lack of standing (Dkt. No. 23) is **GRANTED**.  This case is dismissed.  The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 15th day of January, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge